IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ERNEST P. RICCI | Cr. No. 23-34-JJM |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Ernest P. Ricci ("Ricci") waged a multi-year campaign of fraud, harassment and abuse in the United States Bankruptcy Court for the District of Rhode Island. He committed bankruptcy fraud, obstructed court proceedings, filed false and forged documents, took frivolous appeals, and committed perjury. Over the course of years, he harassed, threatened and insulted the Chapter 7 Trustee and other professionals appointed by the United States Trustee to administer his bankruptcy estate, resulting in one long-serving attorney to withdraw from the practice. He did all of this because he simply doesn't like to pay his bills.

Moreover, he recruited multiple people to participate in his criminal scheme. His conduct led directly to the indictment, prosecution and conviction of his wife. He suborned the perjury of least two people during the proceedings, (his wife and unindicted co-conspirator R.L). In the process, he violated the attorney-client privilege between R.L. and his lawyer by impersonating R.L. through email communications with the attorney and directing R.L.'s litigation. This conduct demands a substantial incarcerative sentence.

Ricci also defrauded taxpayers through fraudulently obtained pandemic relief

funds.  This from a man who spent over a decade evading the payment of his own income tax obligations, while living in a home valued at nearly a million dollars and driving a brand-new Ford F150 billed to his wife's business, as well as allegedly failing to pay his own employees their wages.

After receiving the fraudulent proceeds, Ricci then laundered those funds, purchasing a house on West Shore Road in Warwick through a straw purchaser, which he concealed from the bankruptcy trustee.

Learning that he was under criminal investigation did not deter Ricci.  He contacted AirBnB and threatened them with litigation if they complied with a grand jury subpoena, and contacted the adult son of a witness and told the son that his father should not listen to the FBI.  He also tried to get the son to pay the bankruptcy trustee on Ricci's behalf and promised to pay the son back "with interest."

After being arrested and charged with multiple crimes in federal court, Ricci repeatedly violated the conditions of his release, resulting in his temporary pretrial detention.  A non-exhaustive list of his pretrial misconduct includes concealing his possession of firearms from U.S. Probation; repeatedly violating a no-contact order with multiple witnesses; illegally conducting business activity; changing his residence without permission from Probation; and repeatedly failing to report police contact. Even after pleading guilty, Ricci violated the no-contact order by sending a letter to the Assistant U.S. Trustee, in which he offered to "go undercover."  All Ricci asked for in return was to "not have to face the judge and become a felon."

2

Each of the 18 U.S.C. § 3553 sentencing factors calls for a substantial sentence in this case.  Accordingly, the government recommends a high-end guideline sentence of 57 months imprisonment; a forfeiture money judgment and restitution in the amount of $129,306 to the Small Business Administration, a fine in the amount of $10,000, and a period of 3 years supervised release, with a special condition of release that Ricci cooperate with the Internal Revenue Service ("IRS") in the ascertainment and collection of his outstanding tax liability, including penalties and interest, including meeting with IRS representatives as often as necessary and providing complete and truthful information to them.

The high-end guideline sentence requested by the government is justified. Ricci's conduct is the worst among any bankruptcy defendant in the history of this district. As a result of the grouping rules, there is no increase in the offense level Ricci faces for the bankruptcy fraud attributable to the pandemic relief wire fraud and money laundering offenses. See PSR at ¶113.  Each of these crimes warrants punishment and that conduct should be reflected in the Court's sentence.  Given the financial nature of this case and the likelihood that even with full restitution and a requirement to cooperate with the IRS, Ricci will likely still have successfully avoided paying many of his debts, a fine is appropriate.

### Nature and Circumstances of the Offenses

Ricci's actions in this case demonstrate that he is a man who lacks respect for the law, lawyers, courts, and his fellow citizens.  His actions also show that Ricci will stop

3

at nothing to get what he wants, and he has a brazen confidence that he will be allowed to engage in lawlessness, abuse, and lies without consequence.  The nature of his offenses cries out for a sentence that will punish him for his crimes, promote respect for the law, and most importantly, protect the integrity of the court system.

As the Chapter 7 Trustee observed in his impact statement, honesty is essential to the bankruptcy process.  And yet Ricci approached the bankruptcy system with a dishonest purpose from the outset.  Having lost his longshot attempt to preserve his oceanfront property in legal proceedings in Florida (where he behaved in much the same fashion as he did in the bankruptcy case) he abusively filed repeated bankruptcy petitions in order to benefit from the automatic stay.  In his sentencing memorandum, Ricci attempts to explain his outrageous behavior as motivated by a desire to "save a valuable oceanfront piece of real estate located in Lighthouse Point, Florida."  His disingenuous excuse overlooks the fact that Ricci had not made mortgage payments on this property in years, all the while collecting income from AirBnB rentals.

Throughout the bankruptcy proceedings Ricci engaged in multiple forms of deceit and obstruction.  He intentionally wasted the time and resources of both the Chapter 7 Trustee and the United States Trustee over a period of years. In doing so, he made a mockery of the honest debtors who rely on bankruptcy protections and undermined the very system they rely on to obtain a fresh start in life.  His actions should not go unpunished.

During the bankruptcy proceedings, Ricci not only perjured himself, but also

4

suborned his wife and R.L. to commit perjury.  These lies resulted in years of additional litigation and expense for multiple parties.  Suborning perjury goes to the heart of the legal system.  The rule of law simply cannot function if courts tolerate subornation of perjury.   The Court's sentence should reflect the need to promote respect for the law.

Ricci also manipulated the attorney-client relationship between R.L. and his attorney in an effort to gain an advantage during the bankruptcy proceedings.  The following is but one example of dozens fraudulent emails that were sent over months:

From: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
Date: Thu, Oct 14, 2021 at 12:05 PM
Subject: Re: Your question
To: ▮▮▮▮▮▮▮▮

If he did it he would do it with a traceable check so there wouldnt be any questions as to the validity. I just want out mike and i believe i have the right to assign my note. are you saying I can't assign my note? Im pretty sure the loan documents allow me to assign it to anyone I want. as far as what premier did with the money is not my concern. i know he spent the money because i saw the improvements. that was 12+ years ago mike. i dont know how anyone can expec records to be kept that long. even the IRS doesnt expect records to be kept that long. i know ernie would give testimony no problem if you need him to. isnt the trustee supposed to meet a certain burden proving i didn't do this loan? i dont know how he can prove that when i did. whats the story with that?

you say things like he will look at it and he would abandon his efforts....i dont think you can appreciate what this guy is like. have you dealt with him before? this guy has a hair across his ass like ive never seen. everybody i talk to about him says hes a real beauty and this is his normal course of action. hes brutal is what im being told and i see that now.

what is your plan? can we get approval to allow me to foreclose? what you told me above is stuff i already know. i need to see what the plan is so i can move away from this nonsense.

also ernie told me he has IRS outstanding balances and they haven't liened the NH property. he was thinking of calling them and offering them the collateral at the NH home. thoughts?

▮▮▮▮▮▮

This conduct likewise cries out for a significant punishment that will not only promote respect for the law but punish a man who thinks that he is above it.

Ricci's additional crimes of wire fraud and money laundering further illustrate his character and motivations.  He stole from the taxpayers by taking advantage of pandemic relief programs designed to help those in need. The fact that Ricci committed these crimes while in the midst of the bankruptcy proceeds further demonstrates his incorrigible nature.

## History and Characteristics of the Defendant

Although he is in Criminal History Category I, Ricci has spent much of his adult life cheating he system.  He spent years evading his tax obligations and structuring his financial life to avoid accountability.  Ricci is a profligate litigator who uses the courts as both shield and sword for his corrupt business practices. His bankruptcy petition is littered with unpaid judgments and attorney fees.  He has not paid one cent of the money judgements issued against him by the Bankruptcy Court for harassing the Chapter 7 Trustee.

He is also an incredibly mean-spirited bully.  The following is but one example of dozens of harassing emails Ricci sent the Chapter 7 Trustee, (many of which included insults mocking the individuals' appearances, wardrobes, etc.):



**John Lopez** <1983judge@gmail.com>                                              Thu, Apr 9, 2020 at 8:15 AM
To: ███████████████████████com>, ████████████████████com>, ████████████com

Good am assholes;

Where's the deposition motion? Come on hurry now there's less than 2 weeks before your fucking charade blows up!! Let's go!!! If you don't get this done you might not make it to 400 hours and 5k in expenses and I want to do all I can to help you get there!!! Lololol

I'm laughing at each one of you. You really thought you had something didn't you? Lol. I'm sure you realize now I've been 3 steps ahead of you bozos all the way and that's because I'm smarter than all of you combined. And when we're done I'll do all I can to let the rest of the state know how the three of you abused your office and lost hundreds of thousands in the process chasing your collective asses. At least in terms of legal billable hours. Isn't that right Joey? Lolololoiolol.

Ernie

Ricci is also an inveterate liar and manipulator.  In calls recorded during his pretrial detention, Ricci told multiple lies about his court-appointed counsel, blaming her for his pretrial detention, and pressured family members to contact his co-defendant wife, who was the subject of a no-contact order issued by this court.  He also conducted

business routinely, while simultaneously posing to the court that he was suffering from a serious medical malady.  He even drafted a letter purportedly from his physician son and pressured his son to sign it; the letter was later submitted to the court:



> hat's the letter. Pls send to uncle tom at TR91065@aol.com. he will take it from there. I haven't kept any food down all day and they didn't come to weigh me so I'll update you on my weight as soon as I get it....don't be surprised if I have dipped into the 140s. Regarding our earlier conversation pls don't be concerned about whether or not you believe its appropriate to send the magistrate this letter. There is a lot here she isn't aware of so telling her now is important. Besides I'm taking all the risk anyway so edit it if you wish, print on your military letterhead and send to uncle tom. Thx. Love you. Dad XOXO

## General and Specific Deterrence

A significant incarcerative sentence is necessary to promote deterrence in this case, both because it is required by law and because members of the public pay attention to cases of this nature.  Ricci is the poster-child for bad behavior in bankruptcy proceedings.  Litigants, judges, debtors, creditors, and the professionals who work in the bankruptcy system on a day-to-day basis are well aware of Ricci and his antics.  He clearly made the decision, a long time ago, that it was worth the cost and risk to exploit the system.  The sentence imposed must demonstrate to all concerned that Ricci made the wrong calculus, and those that attempt to lie and obstruct court proceedings will be held accountable.

Ricci was determined to shirk his financial obligations, tax debts, and creditors, betting that even if his efforts eventually failed or he was held accountable to some

extent, he would ultimately only pay pennies on the dollar. Ricci is a master of the art of going "up to the line" and then, when he thinks he can get away with it, crossing that line. He was determined to make the bankruptcy process so painful for everyone else that they would give up in exhaustion.

That approach continued throughout this criminal prosecution. In his sentencing memorandum, Ricci argues that he had "no issues" relating to his release since he began counseling in June of 2023. In fact, since that time, Ricci filed false tax returns with the IRS, was charged with crimes in Rhode Island Superior Court, misleadingly led Probation to believe those crimes were a civil work-related dispute, and sent a letter to the U.S. Trustee in contravention of the no-contact order, among other transgressions.

## The Need to Provide Defendant with Medical Treatment

Ricci seeks to avoid a prison sentence based on his medical condition. Ricci's motion for a sentencing variance to a straight probationary sentence would amount to a 100% downward variance based on a medical condition which is treatable and in no way affected his ability to engage in this course of criminal conduct over multiple years. Such a sentence would be both procedurally and substantively unreasonable. While the government does not deny the medical condition exists, the defendant has a long history of manipulating and using it to his advantage to avoid consequences. It is not a coincidence the defendant has scheduled a procedure for approximately 4 weeks after the scheduled sentencing date, just beyond the ordinary time for self-reporting to BOP. When the defendant was released for "emergency" medical treatment during his

pretrial detention on April 28, 2023, he proceeded to schedule his "emergency" procedure for August 21, 2023, some four months later.  Only when the government moved to end his temporary release and have him re-detained, did the defendant have procedure quickly moved to up to June 26, 2023, still two months later.  Moreover, immediately after Ricci's release from pretrial detention he engaged in witness tampering, resulting in the police being called.   There is nothing in the record to suggest that the Bureau of Prisons is not more than capable of addressing the defendant's medical needs.  The BOP has policies and programs designed to meet the needs of aging inmates.  <u>See</u> BOP Program Statement on the Management of Aging Offenders dated April 14, 2022.[1]  The defendant should not be permitted to avoid accountability for his conduct by portraying himself as incurably unhealthy.

### Conclusion

For the reasons set forth herein, the government respectfully recommends a sentence of 57 months incarceration, full restitution, a fine of $10,000, and a term of supervised release to include special conditions requiring cooperation with the IRS.

Respectfully submitted,

ZACHARY A. CUNHA
UNITED STATES ATTORNEY

/s/ John P. McAdams
JOHN P. McADAMS
Assistant U. S. Attorney

---

[1] Available at https://www.bop.gov/policy/progstat/5241_001.pdf.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2024, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification


Ed Roy, Esq.


/s/ John P. McAdams
JOHN P. McADAMS
Assistant U. S. Attorney,
U. S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
401-709-5000

10